IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. DOUGLAS MONTGOMERY LIU, Defendant/Movant. | Cause No. CR 05-038-GF-BMM CV 18-117-GF-BMM ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

Defendant/Movant Douglas Montgomery Liu moves this Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 345.) Liu is a federal prisoner proceeding pro se.

**I. Preliminary Review**

The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" before the United States is required to respond. 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

A grand jury indicted Liu and five co-defendants on March 3, 2005, on one count of conspiracy to commit a robbery affecting interstate commerce, a violation of 18 U.S.C. § 1951(a) (Count 1); one count of robbery affecting interstate commerce, a violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); and one count of brandishing a firearm during and in relation to the crime alleged in Count 1, a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3).

Liu fled to Mexico where he remained for approximately ten years. Liu appeared in this Court on September 8, 2015, following his extradition. *See* (Doc. 261). He pled guilty to Count 1, the conspiracy count on November 2, 2015. The United States agreed to dismiss Counts 2 and 3 and to recommend a three-level reduction in the advisory guideline calculation for acceptance of responsibility in exchange for Liu's plea of guilty to Count 1 of the Indictment. (Doc. 273 at 2, 6.)

At sentencing, the controlling guideline, U.S.S.G. § 2B3.1, required application of the murder guideline because one of Liu's co-defendants had stabbed and killed a man in the course of the robbery. This required application

2

bumped the base offense level to 43. *See* U.S.S.G. §§ 2B3.1(c)(1), 2A1.1(a); 18 U.S.C. § 1111(a) (defining murder perpetrated in the course of committing robbery as first-degree murder).

Liu also received a two-level enhancement for obstruction of justice to reflect Liu's flight to Mexico. The Court granted a three-level downward variance in Liu's offense level to recognize his acceptance of responsibility and timely notification of plea. The total offense level was 42. Liu earned a criminal history category of I. Liu's advisory guideline range was 360 months to life in prison. The statutory maximum of 20 years, or 240 months, superseded the guideline range. *See* U.S.S.G. § 5G1.1(b); (Doc. 292 at 1 § III.)

The Court sentenced Liu on February 17, 2016, to serve 196 months in prison, with three years of supervised release to follow. (Docs. 290, 291 at 2-3.) Liu voluntarily dismissed his appeal after having received a reduced sentence. *See* Order at 1, *United States v. Liu*, No. 16-30054 (9th Cir. Sept. 18, 2017).

Liu's conviction became final on December 17, 2017, at the earliest. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on August 23, 2018. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

#### A. Ineffective Assistance of Counsel

Liu first alleges that his attorney violated his Sixth Amendment right to the effective assistance of counsel when he failed to challenge the United States's jurisdiction to prosecute him.

The analysis in *Strickland v. Washington*, 466 U.S. 668 (1984), governs this claim. Liu must allege facts at this stage of the proceedings sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-88, 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Liu argues that "the item that was the focus of the robbery needs to be involved in interstate commerce." (Doc. 345-1 at 1, 6.) The item involved in his robbery consisted of "70 tablets of an unidentified substance." (Doc. 274 at 3.) Liu asserts that the United States's failure to identify the substance prevented the United States from being able to prove that the substance had been involved in interstate commerce. (Doc. 345-1 at 1–7.) Liu contends that he would not have pleaded guilty if counsel had done the appropriate research. *Id.*

The law does not require proof that the item taken in the robbery must have been involved in interstate commerce. The Hobbs Act applies to "[w]hoever in any way or degree obstructs . . . or affects commerce . . . by robbery or . . . conspires so

4

to do." 18 U.S.C. § 1951(a). The Act defines "commerce," in part, as "all commerce between any point in a State . . . and any point outside thereof." 18 U.S.C. § 1951(b)(3). The prosecution must prove only a *de minimis* effect on interstate commerce. *See United States v. Lynch*, 437 F.3d 902, 908–09 (9th Cir. 2006) (en banc) (per curiam).

Liu's case involved C.A., a traveling salesman from Washingon. (Doc. 274 at 2.) C.A. transported drugs from Spokane, Washington to sell in Great Falls, Montana. *Id*. Liu and co-defendant Tasha Lamere drove from Spokane to Great Falls on February 6, 2004 and discussed robbing C.A. *Id.* at 2-3. Another co-defendant, Moore, determined on February 7 or 8, 2004, that C.A. was not at a local bar and instead was at a nearby residence. *Id.* at 3. Lamere called Liu to inform him of C.A.'s location. *Id*. Liu and two other co-defendants, Rivera and Topete, then entered the house where C.A. was staying. *Id*. Liu demanded C.A.'s money and drugs and pistol-whipped him with a Derringer. *Id*. Rivera stabbed another man during the course of the robbery. *Id*. The man later died from his injuries. *See Id.*

The defendants, in *United States v. Marrero*, 299 F.3d 653 (7th Cir. 2002), lured cocaine dealers from Detroit to Chicago by the promise of a sale. The defendants then presented the cocaine dealers with fake cocaine and robbed them of their money at gunpoint. *Id*. at 654. The court determined that "[t]he dealers'

business was 'in commerce' not only because it bought its merchandise (cocaine) from out of state but also because conducting the business involved crossing state lines when the dealers came to Chicago to try to buy drugs from the defendants." *Lynch*, 437 F.3d at 910 (quoting *Marrero*, 299 F.3d at 656). Likewise, here, C.A.'s business was drug trafficking. Whether he obtained the 70 tablets in another state or country did not matter. It likewise did not matter whether C.A. would have sold the 70 tablets in Montana or elsewhere. The conducting of C.A.'s business involved crossing state lines. Liu and his co-defendants obstructed C.A.'s commerce by robbing him.

Liu's allegations fail to support an inference either that his counsel poorly advised him or that there exists a reasonable probability that he would have gone to trial if he had been advised by competent counsel. Liu fails to meet either prong of the *Strickland* test. This claim is denied.

**B. Sentencing**

Liu's second claim alleges that his sentence relied on "enhancements" that "are actually the functional equivalent of crimes." He contends the enhancements violated his Sixth Amendment right to confront witnesses under *Crawford v. Washington*, 541 U.S. 36 (2003). He also raises a factual question as to whether Rivera had been pursued by the man he killed, presumably suggesting that Rivera might have acted in self-defense.

Liu agreed to waive his "right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. §§ 2241 and 2255" when he entered into a plea agreement with the United States. (Doc. 273 at 8, ¶ 8.) This claim is dismissed with prejudice as waived by the plea agreement.

## IV. Motion for Counsel

Liu asks that new counsel be appointed to represent him. (Doc. 345 at 6.) Liu has failed to identify a potentially meritorious claim. Appointment of counsel would not serve the interest of justice. *See* 18 U.S.C. § 3006A(a)(2)(B). The motion is denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Liu's claims meet the relatively low threshold required for a COA. Liu's

7

legal argument focuses on the jurisdictional basis of his prosecution. He argues that his guilty plea rested on bad legal advice. "[J]urists of reason" could disagree with the Court's resolution of Liu's claims. *See Miller-El*, 537 U.S. at 327. A COA is granted.

Accordingly, IT IS ORDERED:

1. Liu's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 345, 345-1) is DENIED.

2. Liu's motion for the appointment of counsel is DENIED.

3. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Liu files a Notice of Appeal.

4. The clerk shall ensure that all pending motions in this case and in CV 18-117-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Liu.

DATED this 7th day of February, 2019.

Brian Morris
United States District Court Judge